UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X
KENNETH LEOGRANDE,

      Plaintiff,

         – against –

SUFFOLK COUNTY, et al.,

      Defendants.
------------------------------------X
KENNETH LEOGRANDE,

      Plaintiff,

         – against –

NEW YORK STATE, et al.,

      Defendants.
------------------------------------X

ORDER
08-CV-3088 (JFB)(ARL)

ORDER
10-CV-1983 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

    Plaintiff filed the complaint in case 10-cv-1983 on May 3, 2010, alleging violations of his constitutional rights in connection with a criminal prosecution in Suffolk County. Plaintiff also requested to proceed *in forma pauperis*. The request to proceed *in forma pauperis* is granted. For the reasons discussed below, the Clerk of Court is hereby ordered to consolidate this action with another action commenced by plaintiff under the docket number 08-cv-3088 (JFB)(ARL), which arises from the same factual nexus.

    Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is

appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Trans. Comm'cns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted). Cases may be consolidated even where, as here, certain defendants are named in only one of the complaints. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). The paramount concern, however, is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp.2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989).

The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam*, 950 F.2d at 92; *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, plaintiff has brought several actions relating to his prosecution in the Suffolk County courts.[1] Accordingly,

IT IS HEREBY ORDERED that plaintiff be and hereby is granted leave to file the within complaint without prepayment of the $350.00 filing fee or give security therefor; and

IT IS FURTHER ORDERED that the Clerk of the Court forward to the United States Marshal for the Eastern District of New York copies of plaintiff's summons, complaint, and this Order for service upon the defendants without prepayment of fees; and

IT IS FURTHER ORDERED that the Clerk of Court consolidate the two above-captioned cases under the first case filed, docket number 08-cv-3088; and

IT IS FURTHER ORDERED that the Clerk of Court shall close the case with docket number 10-cv-1983 (JFB)(ARL) and direct any further filings in that case to 08-cv-3088.

SO ORDERED

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2010
Central Islip, New York

---

[1] Plaintiff has also filed similar lawsuits, Nos. 10-cv-0120 and 10-cv-0899, which have already been consolidated under the lead case, No. 08-cv-3088.